Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Scott Alan Burroughs (SBN 235718)
scott@donigerlawfirm.com
Kelsey M. Schultz (SBN 328159)
kschultz@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON SMITH, an individual and as Trustee of the ALFRED JESSE SMITH TRUST,<br><br>Plaintiff,<br><br>v.<br><br>FRANKSHATS, individually and doing business as "Franks Hats Garcia Hats", an unknown business entity; and DOES 1 – 10 inclusive,<br><br>Defendants. | CASE NO.<br><br>**COMPLAINT FOR:**<br><br>1. Federal Unfair Competition, 15 U.S.C. § 1125 et seq.<br>2. Common Law Trademark Infringement;<br>3. Violations of Statutory Right of Publicity (Cal. Civ. Code § 3344.1); and,<br>4. Violations of Common Law Right of Publicity<br><br>**<u>JURY TRIAL DEMANDED</u>** |

Plaintiff BRANDON SMITH, as an individual and Trustee of the ALFRED JESSE SMITH TRUST, by and through his undersigned attorneys, complains and alleges against Defendants as follows:

## JURISDICTION AND VENUE

1. This action arises under 15 U.S.C. §1125 of the Lanham Act.

2. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338 (a) and (b). The state law claims arise from the same common nucleus of operative facts and transactions such that Plaintiff would ordinarily be expected to try them all in a single proceeding. Accordingly, this Court may exercise supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

3. The Court has personal jurisdiction over Defendants and each of them because Defendants are residents of this judicial district, have purposefully directed their unlawful conduct to this judicial district, and have conducted substantial business in this judicial district.

4. Venue in this judicial district is proper under 28 U.S.C. § 1391(b)-(c) because this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## THE PARTIES

5. Plaintiff is an individual residing in Los Angeles, California.

6. Upon information and belief, Defendant Frankshats, individually and doing business as "Franks Hats Garcia Hats" is an unknown business entity with a principal place of business at 11920 Dunlap Avenue, Chino, CA 91710, a physical store at 2001 S Garey Ave, Pomona, CA 91766, and is the owner and operator of the website: https://www.frankshatsgarciahats.com/ and the Instagram page https://www.instagram.com/frankshats_909_636_4733/.

7. Upon information and belief, Defendants DOES 1-10, inclusive, are other parties not yet identified who have infringed Plaintiffs' trademarks, engaged in unfair competition, or engaged in one or more of the wrongful practices alleged

herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiff, who therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

8. Upon information and belief, at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## BRENTON WOOD

9. Alfred Jesse Smith, known professionally as Brenton Wood, was an American singer, songwriter, producer, and record label owner who rose to prominence in 1967, with three hit songs on the *Billboard* Hot 100 that year alone. He released his last studio album in 2009 but continued to tour well into his 80s with his farewell tour, *Catch You on the Rebound: The Last Tour,* taking place in 2024.

10. Plaintiff is the successor and owner of all rights to Brenton Wood's intellectual property, including the Mark BRENTON WOOD, and his name, voice, signature, photograph, and likeness.

11. Plaintiff continues to sell authorized BRENTON WOOD merchandise and licenses use of the Mark and Brenton Wood's likeness on a case-by-case basis.

12. In or about March 2025, Plaintiff discovered that Defendants were advertising and selling a hat identified as "Brenton Wood Lowrider Light gray" and using Brenton Wood's image in marketing materials. Non-inclusive

exemplars of Defendant's use of the Brenton Wood Mark and Brenton Wood's likeness are shown below:





13. Plaintiff did not authorize the above-alleged conduct by Defendants, and Defendants' advertisement and marketing of its goods using the Mark and

Brenton Wood's likeness violates Plaintiff's rights in the Mark and to Brenton Wood's publicity.

14. Defendants' use of the Brenton Wood Mark and his likeness has and will cause consumer confusion as to a false association, sponsorship, or endorsement by Plaintiff and further cause harm to Plaintiff's business reputation and loss of goodwill in the Brenton Wood Mark.

15. On or about March 7, 2025, Plaintiff notified Defendants of their infringing conduct via email and USPS Certified Mail. Plaintiff contacted Defendants several times thereafter without receiving a response.

## FIRST CLAIM FOR RELIEF

**(Unfair Competition and False Designation of Origin Under 15 U.S.C. § 1125 – Against All Defendants, And Each)**

16. Plaintiff repeats, realleges, and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs, inclusive, of this Complaint.

17. As a result of nearly 50 years of advertising, promotion, and rendering services under the Brenton Wood Mark, it is widely recognized by consumers, immediately identifying Brenton Wood and his successor Plaintiff as the exclusive source, licensor, or endorser of the services and products to which the Mark is affixed or displayed, and signifying goodwill of incalculable value.

18. Defendants currently offer hats for purchase using the Brenton Wood Mark and incorporate Brenton Wood's image into their advertisements of their products and business.

19. Defendants' use of the Brenton Wood Mark, his image, and other designations and indicia is intended, and is likely to confuse, mislead, or deceive consumers, the public, and the trade as to the origin, source, sponsorship, association or affiliation of Defendants' products, and is intended, and is likely to cause such parties to believe in error that Defendants' products have been

authorized, sponsored, approved, endorsed or licensed by Plaintiff, or that Defendants are in some way affiliated with Plaintiff, and misrepresents the nature, characteristics, qualities, of their goods, services, and commercial activities, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

20. Defendants' aforesaid unauthorized use of the Brenton Wood Mark and his image falsely suggest that they are associated with Plaintiff in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

21. Defendants' aforesaid unauthorized use of the Brenton Wood Mark and his image throughout their marketing causes consumers to think that Defendants are affiliated with or sponsored by Plaintiff, or vice versa, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

22. Upon information and belief, by their acts, Defendants have made and will make substantial profits and gains to which they are not in law or equity entitled.

23. Upon information and belief, Defendants intend to continue their willfully infringing acts unless restrained by this Court.

24. Defendants' acts have damaged and will continue to damage Plaintiff, and Plaintiff has no adequate remedy at law.  Unless Defendants are permanently enjoined from their unlawful use of the Brenton Wood Mark and his likeness, Plaintiff will suffer irreparable harm.

## SECOND CLAIM FOR RELIEF

**(Common Law Trademark Infringement - Against All Defendants, and Each)**

25. Plaintiff repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs, inclusive, of this Complaint.

26. Plaintiff owns all right, title, and interest in and to the distinctive Brenton Wood Mark, including all common law rights.

27. The aforesaid acts of Defendants constitute trademark infringement in violation of the common law of the State of California.

28. Upon information and belief, by their acts, Defendants have made and will make substantial profits and gains to which they are not in law or equity entitled.

29. Upon information and belief, Defendants intend to continue their willfully infringing acts unless restrained by this Court.

30. Defendants' acts have damaged and will continue to damage Plaintiff, and Plaintiff has no adequate remedy at law. Unless Defendants are permanently enjoined from their unlawful use of the Brenton Wood Mark, Plaintiff will suffer irreparable harm.

## THIRD CLAIM FOR RELIEF

**(Violations of Statutory Right of Publicity California Civil Code Section 3344.1– Against All Defendants, and Each)**

31. Plaintiff repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs, inclusive, of this Complaint.

32. Defendants' used Brenton Wood's name, photograph, and likeness without Plaintiff's consent for purposes of advertising, selling, and soliciting purchases of its products, merchandise, goods in violation of California Civil Code § 3344.1.

33. Defendants' use of Brenton Wood's name, photograph, and likeness is likely to confuse, mislead, or deceive consumers as to the sponsorship, endorsement, association or affiliation of Defendants' products, and is intended, and is likely to cause such parties to believe in error that Defendants' products have been authorized, sponsored, approved, endorsed or licensed by Plaintiff, or that Defendants are in some way affiliated with Plaintiff in violation of California Civil Code § 3344.1.

7
COMPLAINT

34. Upon information and belief, by their acts, Defendants have made and will make substantial profits and gains to which they are not in law or equity entitled.

35. Upon information and belief, Defendants intend to continue their acts unless restrained by this Court.

36. Defendants' acts have damaged and will continue to damage Plaintiff, and Plaintiff has no adequate remedy at law. Unless Defendants are permanently enjoined from their unlawful use of Brenton Wood's likeness, Plaintiff will suffer irreparable harm.

## FOURTH CLAIM FOR RELIEF

**(Violations of Common Law Right of Publicity – Against All Defendants, and Each)**

37. Plaintiff repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs, inclusive, of this Complaint.

38. Defendants' use of Brenton Wood's name, photograph, and likeness without Plaintiff's consent is likely to confuse, mislead, or deceive consumers as to the sponsorship, endorsement, association or affiliation of Defendants' products, and is intended, and is likely to cause such parties to believe in error that Defendants' products have been authorized, sponsored, approved, endorsed or licensed by Plaintiff, or that Defendants are in some way affiliated with Plaintiff, constituting a violation of the Plaintiff's common law rights of publicity.

39. Upon information and belief, by their acts, Defendants have made and will make substantial profits and gains to which they are not in law or equity entitled.

40. Upon information and belief, Defendants intend to continue their acts unless restrained by this Court.

41. Defendants' acts have damaged and will continue to damage Plaintiff, and Plaintiff has no adequate remedy at law. Unless Defendants are permanently enjoined from their unlawful use of Brenton Wood's likeness, Plaintiff will suffer irreparable harm.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

1. Entering Judgment for Plaintiff on each of their claims;

2. For an order permanently enjoining Defendants and their employees, agents, servants, attorneys, representatives, successors, and assigns, and all persons in active concert or participation with any of them, from engaging in the misconduct referenced herein;

3. Awarding Plaintiff such damages as he has sustained or will sustain as a result of Defendants', and each, acts of trademark infringement and unfair competition pursuant to 15 U.S.C. § 1117, including statutory damages.

4. An order directing that Defendants, and each, account to and pay over to Plaintiff all profits realized by their wrongful acts in accordance with Section 35 of the Lanham Act, 15 U.S.C. § 1117;

5. An award of actual damages sustained by Plaintiff;

6. That Plaintiff be awarded its attorneys' fees as available under 15 U.S.C. § 1117;

7. That Plaintiff be awarded pre-judgment interest as allowed by law;

8. That Plaintiff be awarded the costs of this action;

9. That Plaintiff be awarded punitive damages in an amount sufficient to deter and punish Defendants, and each, on account of their willful violation of Federal, California, and common law;

10. Awarding Plaintiff such additional and further relief as the Court deems just and proper.

/ / /

# JURY DEMAND

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Respectfully submitted,

Dated: October 7, 2025   By:   */s/ Stephen M. Doniger*
Stephen M. Doniger, Esq.
Scott Alan Burroughs, Esq.
Kelsey M. Schultz, Esq.
DONIGER / BURROUGHS
Attorneys for Plaintiff